UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| 1. MIKE ADINOLFI, | ) |
| 2. RYAN ANTONINO, | ) |
| 3. ROBERT APUZZO, | ) |
| 4. JASON BOCCHETA, | ) |
| 5. JAMES BROTHERON, | ) |
| 6. ROBERT BUCH, | ) CIVIL ACTION COMPLAINT |
| 7. PAUL BUDA, | ) Case No. |
| 8. CHAD CAMERON, | ) |
| 9. BRIAN CARPENTER, | ) JURY TRIAL DEMANDED |
| 10. MATTHEW COLUCCI, | ) |
| 11. BRIAN CONNELLY, | ) |
| 12. BRETT CORRIS, | ) |
| 13. BRANDON EDO, | ) |
| 14. KEVIN FRANK, | ) |
| 15. MARTIN HALPRIN, | ) |
| 16. JOSEPH HANNIGAN, | ) |
| 17. MAUREEN HAWKINS, | ) |
| 18. DAVID HEENAN, | ) |
| 19. THOMAS HOPE, | ) |
| 20. ALEX IMPELLIZERI, | ) |
| 21. ANDREW KOMOROSKI, | ) |
| 22. CHRISTOPHER KWASIZUR, | ) |
| 23. JOHN LANZANTE, | ) |
| 24. JOHN MACAUDA, | ) |
| 25. THOMAS MANGAN, | ) |
| 26. JEFFREY MAURUTIS, | ) |
| 27. PATRICK MCGEE, | ) |
| 28. ERIC MOHR, | ) |
| 29. FRANK MURPHY, | ) |
| 30. MICHAEL O'NEIL, | ) |
| 31. ERIC OUELETTE, | ) |
| 32. JEFFREY PLATEK, | ) |
| 33. MARK ROSE, | ) |
| 34. MARC RUGGIERO, | ) |
| 35. MATTHEW SCHUMANN, | ) |
| 36. TUCKER SCHUMITZ, | ) |
| 37. JASON STACOFFE, | ) |
| 38. JOSEPH STRATTON, | ) |
| 39. THOMAS THORNBERG, | ) |
| 40. KERRY WARREN, | ) |
| 41. RONALD WETMORE, and | ) |
| 42. CHRISTOPHER ZAK individually and on behalf of themselves and all others | ) ) |

|  |  |
|---|---|
| similarly situated | ) |
| | ) |
|     Plaintiffs, | ) |
| v. | ) |
| | ) |
| **CITY OF MILFORD, CONNECTICUT** | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## PRELIMINARY STATEMENT

1. The plaintiffs are current and former employees of the defendant City of Milford, Connecticut ("City"), and they bring an action on behalf of themselves and other employees similarly situated. This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue of this action is established in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiffs are each employees, or former employees, of the defendant City at the Milford Fire Department ("Department").

5. Pursuant to 29 U.S.C. §§ 216(b) and 256, the named plaintiffs herein have each executed and hereby filed with the Court their respective consents in writing to become a party plaintiff in this action, which are appended hereto as Exhibit A. Should other individuals similarly

situated seek to join this action, their consents will be filed with the Court. These written consent forms set forth each plaintiff's name and intent to be party to this suit.

6. The defendant in this action is the City of Milford, Connecticut, which has a principal place of business within the City of Milford.

**FACTS**

7. The plaintiffs are each employees, or former employees, who were at all times material herein employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s). More specifically, each plaintiff is, or was, employed by the City at the Department.

8. Each of the plaintiffs in this action, while employed by defendant, has been an "employee" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e)(1).'

9. The defendant City, is an "employer" as defined by 29 U.S.C. § 203(d) and a "public agency" within 29 U.S.C. § 203(x). Upon information and belief, the defendant at all relevant times has been aware of the provisions of the FLSA.

10. The defendant is an enterprise, as defined by 29 U.S.C. § 203(r).

11. The City has adopted a 28-day FLSA work period requiring the members of the Department to work 212 hours in a work period before the City pays them overtime under the FLSA.

12. Pursuant to the collective bargaining agreement (CBA) between Local 944 and the City, while working as members of the Department, plaintiffs are assigned to work one (1) twenty-four (24) hour shift, followed by three days off. This schedule is then repeated. In addition to this schedule, plaintiffs routinely work additional hours causing them to work in excess of 212 hours in a work period. For example, in the work period covering January 1, 2023 through February 19,

2023, plaintiff Apuzzo worked a total of 290 hours, causing him to have worked 78 hours above the applicable FLSA threshold.

13. Plaintiffs receive weekly wages set by position within the Department to compensate them for all regularly scheduled hours worked (or an average of 42 hours per week). An hourly rate is then established by dividing the applicable weekly salary by 42 hours.

14. Plaintiffs are also compensated at their established hourly rate for all additional hours they work beyond those that are regularly scheduled.

15. In addition to plaintiffs' compensation for both regularly scheduled and additional hours of work, the City provides Department employees with additional compensation including, but not limited to, longevity pay, certification pay (including, Fire Marshal Certification, Emergency Medical Technician ("EMT") Certification, EMT Transporting Medic Unit, and Paramedic Transporting Medic Unit), uniform maintenance payments, waiver of health insurance payments, education incentive pay, and holiday pay.

16. At all times material herein, the City has failed to incorporate these additional payments when calculating plaintiffs' regular rate of FLSA overtime compensation. For example, in his check ending on March 4, 2022, plaintiff Apuzzo was compensated at a rate equal to exactly one and one-half of his established hourly rate for the 78 hours above the FLSA overtime threshold (212) that he worked in the work period covering January 23, 2022 through February 19, 2022. The City failed to include the additional $307.68 of EMT certification pay and two days of holiday pay that plaintiff Apuzzo received during this FLSA pay period.

17. On information and belief, the failure by defendant to properly pay compensation owed to each plaintiff is a knowing, willful and reckless violation of 29 U.S.C. § 207 within the meaning of 29 U.S.C. § 255(a).

## DEFENDANT HAS VIOLATED 29 U.S.C. § 207 BY FAILING TO ACCURATELY CALCULATE PLAINTIFFS' REGULAR RATE FOR OVERTIME COMPENSATION

18. Plaintiffs hereby incorporate by reference paragraphs one (1) through seventeen (17) in their entirety and restate them herein.

19. At all times material herein, the plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, as amended, 29 U.S.C. § 201, *et seq.*

20. During the times where the plaintiffs have worked hours in excess of the hourly levels specified in the FLSA, plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked in excess of 212 hours in a 28-day FLSA work period. 29 U.S.C. § 207(k); 29 C.F.R. §553.230.

21. Plaintiffs' "regular rate" of pay must include "all remuneration for employment." 29 U.S.C. § 207(e).

22. At all times material herein, the defendant has failed and refused to provide plaintiffs with overtime compensation at a rate of one and one-half times their regular rate of pay by failing to include all remuneration in plaintiffs' regular rate of pay, including, but not limited to, longevity pay, certification pay, uniform maintenance payments, waiver of health insurance payments, education incentive pay, and holiday pay.

23. Defendant's refusal to provide overtime pay at the proper rate to plaintiffs for the hours plaintiffs have worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207; 29 C.F.R. § 553.230, wrongly deprives plaintiffs of the FLSA overtime compensation that is due to them at times material herein.

24. The defendant's actions and omissions as alleged herein were done in a willful, unreasonable and bad faith manner.

25.    As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by defendant from plaintiffs for which defendant is liable pursuant to 29 U.S.C. §§ 216(b) and 255, together with an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and the costs of this action.

26.    The employment and work records for plaintiffs (including time and attendance records) are in the exclusive possession, custody, and control of the defendant, and the plaintiffs are unable to state at this time the exact amounts owing to each of them.  The defendant is under duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

## **PRAYER FOR RELIEF**

WHEREFORE, each plaintiff requests from the Court the following relief:

A.    A declaratory judgment declaring that the defendant has willfully, unreasonably, wrongfully, and without good faith, violated its statutory and legal obligations, and deprived each plaintiff of his/her rights, protections and entitlements under federal law, as alleged herein;

B.    An order for a complete and accurate accounting of all the compensation to which each plaintiff is entitled;

C.    Judgment against the defendant awarding each plaintiff monetary damages in the form of back pay compensation, liquidated damages equal to his/her unpaid compensation, plus pre-judgment and post-judgment interest;

D.    An award of reasonable attorneys' fees, as well as costs and disbursement of this action; and

E.  An award granting such other further relief as the Court deems proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby respectfully request a trial by jury on all claims presented in this Complaint.

Respectfully submitted,

/s/ Lauren McDermott
Lauren McDermott
Mark J. Murphy
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street NW, Suite 400
Washington, D.C. 20036
Phone: (202) 783-0010
Fax: (202) 783-6088
lmcdermott@mooneygreen.com
*Counsel for Plaintiffs*

/s/ Eric Chester
Ferguson, Doyle & Chester, PC
35 Marshall Rd
Rocky Hill, CT 06067
P: (860) 529-4762
F: (860) 529-0339
ericchester@fdclawoffice.com
*Local Counsel*